UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIZZY NICKERSON,

                              Case No. 16-10563

                   Plaintiff,

v.                                 Paul D. Borman
                                 United States District Judge

HUBERT YOPP,

                   Defendant.
_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) (ECF
NO. 1); AND (3) CERTIFYING PURSUANT TO 28 U.S.C. § 1915(a)(3) THAT NO
APPEAL MAY BE TAKEN *IN FORMA PAUPERIS*

      Now before the Court is Plaintiff Kizzy Nickerson's Complaint and Application to

Proceed in District Court without Prepayment of Fees or Costs.  (ECF Nos. 1, 2.)  Plaintiff

has filed seven previous complaints in this district since January 21, 2014; six have been

dismissed as frivolous and/or failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  *See*

Case Nos. 14-10278, 14-11955, 13255, 14-13456, 15-10413, and 15-13163.  The seventh

case was voluntarily dismissed by Plaintiff.  *See* Case no. 14-12974.

      For the reasons set forth below, the Court will GRANT Plaintiff's Application to

Proceed without Prepayment of Fees or Costs but will DISMISS WITH PREJUDICE the

Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim

upon which relief can be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit which provides that her gross pay is $733, her take-home pay or wages is $733 per month, and she has $733 in a savings or checking account. (ECF No. 2.) Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

However, the Court is also required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

A Court must dismiss an action when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether an action states a claim on

which relief may be granted under § 1915(e)(2)(B)(ii), this Court must apply the dismissal standard as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Accordingly, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). To this end, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted).

A *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a plaintiff must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). While specific facts are not necessary, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twomby*, 550 U.S. at 555).

3

Plaintiff's complaint is handwritten, more than 100 pages long and consists of a number of proposed documents, including: written statements, requests for discovery, briefs, stipulations, subpoenas, "joint report of early meetings," proposed joint pretrial memorandums, proposed scheduling orders, jury instructions, and  "Objections during Closing."  On March 10, 2016, Plaintiff filed a request to amend her complaint.  (ECF No. 8.)  This amendment appears only to request changes to certain dates in her requests for discovery and proposed depositions and does not set forth new or different substantive allegations.  Regardless, the Court reads the two documents together.

Plaintiff's allegations are largely illegible, vague, and hard to follow.  Construing the complaint liberally, it appears that Plaintiff is attempting to sue the Mayor of Highland Park, Hubert Yopp, for injuries caused by an altercation with Highland Park Police officers that occurred on April 3, 2013.[1]  This altercation resulted in Plaintiff's broken nose and unspecified property damage.  The civil cover sheet indicates that Plaintiff is suing only for personal property damages and does not otherwise indicate the nature of her claims.  (ECF No. 1, at PG ID 108.)  Plaintiff's complaint states she is suing Defendant Yopp for "negligence of breach contract [sic] in Michigan."  (*Id*. at PG ID 7.)

After review, the Court finds that Plaintiff's complaint fails to allege sufficient facts to state a plausible claim for relief for the reason that it can discern no legal basis for

---

[1] Plaintiff does not indicate that Defendant Yopp is the mayor of Highland Park on the face of her complaint, however she does indicate this fact later in her pleadings.  (ECF No. 1, at PG ID 90); *see also* Highland Park Michigan Government, Mayor Hubert Yopp, http://highlandparkcity.org/Government/Mayor.asp (last visited on March 29, 2016).

Plaintiff's claims.  Plaintiff's claims appear related to claims she made in earlier cases filed in this district and of those actions were summarily dismissed for failure to state a claim pursuant to § 1915(e)(2).  *See* Case Nos. 14-10278, 15-10413.  Assuming that Plaintiff is attempting allege a claim pursuant to 42 U.S.C § 1983 based on her altercation with the Highland Police officers, Plaintiff's claim fails because Plaintiff has not requested any injunctive relief and Defendant Yopp cannot be sued in his official capacity for damages under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, to the extent Plaintiff could be attempting to sue Defendant Yopp in his individual capacity, Plaintiff has failed to allege any facts regarding his personal responsibility or involvement in the incident.

For all these reasons, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) and DISMISSES Plaintiff's Complaint and amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim (ECF Nos. 1, 8).  Further, the Court CERTIFIES that any appeal from this decision would be frivolous and not taken in good faith.  Therefore, an appeal may not be taken from this decision *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2016

5

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2016.


s/Deborah Tofil_____
Case Manager